UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23420-ALTONAGA
MAGISTRATE JUDGE REID

WILLIE G. HARRIS,

      Plaintiff,

v.

MR. FUGEO, et al.,

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

Plaintiff, **Willie G. Harris**, an inmate at Dade Correctional Institution ("Dade CI"), has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. In his Complaint, Plaintiff alleges that Defendants Fugeo and St. Clair, mail clerks at Dade CI, violated his rights to receive "non-nude friendly catalog photos" in his inmate mail. [*Id.* at 1-2].

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Judge regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2].

Plaintiff has filed multiple *pro se* civil actions or appeals in federal court that

have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before federal courts may consider their lawsuits and appeals. Plaintiff has failed to pay any fee.

The Undersigned has carefully reviewed the filings and is fully informed. Because Plaintiff is a "three-striker" and has not paid the statutory filing fee, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1], be **DISMISSED** and the case **CLOSED**.

## II.    Discussion

Plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x 940, 941 (11th Cir. 2016). The proper procedure for a district court faced

2

with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.*

A review of Plaintiff's filing history reveals that he has brought at least three civil actions while incarcerated which were dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g). The Undersigned takes judicial notice of these "strikes" pursuant to Fed. R. Evid. 201. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (indicating that documents filed in another court may be judicially noticed).

- *Harris v. Crutchfield, et al.*, Northern District of Florida, Case No. 5:16-CV-00083-MP-EMT (dismissed as malicious under § 1915(e)(2)(B)(i));

- *Harris v. Infinger, et al.*, Northern District of Florida, Case No. 5:16-00084-MP-CJK (dismissed for failure to state a claim under § 1915(e)(2)(B)(ii)); and,

- *Harris v. Crutchfield, et al.*, Northern District of Florida, Case No. 5:15-CV-00302-LC-CJK (dismissed for failure to exhaust administrative remedies).[1]

Because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury"

---

[1] The law is clear that a dismissal for failure to exhaust administrative remedies counts as a strike. *See White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020).

exception of section 1915(g). To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).

Here, Plaintiff does not allege that he is in imminent danger of serious physical injury, nor does he allege any facts supporting such an allegation. Thus, Plaintiff does not meet this exception and remains barred from proceeding *in forma pauperis*.

### III.  Recommendations

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1], be **DISMISSED** without prejudice; his motion for leave to proceed *in forma pauperis* [ECF No. 3] be **DENIED**; and this case **CLOSED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 4th day of September, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:    Willie G. Harris
       P10513
       Dade Correctional Institution
       Inmate Mail/Parcels
       19000 SW 377th Street
       Florida City, FL 33034
       PRO SE